McWILLIAMS v. The STANDARD GUANO & CHEMICAL CO.

When a garnishee appeared at the term to which he was summoned and filed his answer denying indebtedness, and afterwards during the same term the court, while engaged in the trial of criminal cases (counsel in civil cases being excused from attendance), on motion of the garnishee took up the garnishment case out of its order, and ascertaining that no traverse to the answer had been filed, granted an order discharging the garnishee, it was no abuse of discretion, on a subsequent day of this same term, to revoke the discharge and allow the plaintiff to file a traverse, although

the juries were discharged for the term on the day the discharge of the garnishee was granted, it appearing that counsel for the plaintiff was surprised by the disposition of the garnishment case during his absence under leave, and at a time when he had a right to assume that no civil business would be disposed of.    *Walton* v. *Jones*, 53 *Ga.* 91. The action of the court did not necessarily result in a continuance, as the court was one in which the judge could try issues of fact without a jury, unless a jury was demanded.

April 24, 1893.   Argued at the last term.                    *Judgment affirmed.*

Garnishment.   Before Judge Turnbull.   City court of Floyd county.   March term, 1892.

Upon motion to set aside an order of court discharging McWilliams, garnishee, the judge revoked the order of discharge and allowed plaintiff to file a traverse to the garnishee's answer.   To this the garnishee excepted.

The plaintiff's motion alleged, that the order discharging the garnishee was granted on March 26, 1892, without notice to plaintiff or either of its attorneys, and without any knowledge whatever that any motion would be made to discharge the garnishee.   Neither of plaintiff's attorneys were present, nor were they in duty bound to be present, at the time the order was taken. The case was not then in order for trial, and was not called for trial.   The garnishee was not required to answer at all until the first day of the March term, 1892, did not answer until March 15, 1892, and the case was not called at all by the court until April 30, 1892.   Upon the calling of the case no one answered for the garnishee, and the court was about to mark the case in default, when the clerk stated that the garnishee answered and had been discharged.   For the first time this fact was brought to the attention of plaintiff's counsel, the statement of the clerk being found to be true.   Petitioner has the whole of the term, as matter of law, to traverse the answer, and alleges that the garnishee is indebted to defendant in *fi. fa.* (McGhees & Company) in a sum more than sufficient to discharge this debt.

Upon the hearing the following appeared: McWilliams was summoned to answer at the March term, 1892, which began on March 14th. On March 16th, he filed his answer denying any indebtedness. On March 26th, the court announced that the juries would be discharged that day for the term. In the evening of that day, after this announcement, counsel for the garnishee moved for an order of discharge. The court then sounded the case and inquired publicly, while the court was in session, if any traverse had been filed, or if there was any objection to the discharge of the garnishee, and no objection being made, passed an order discharging him. Afterwards on the same day, the juries were discharged for the term, and the court took a recess until April 30, 1892. On the last named day when the appearance docket was being called, the garnishment case not having been stricken was sounded (being a garnishment at common law on a judgment), and plaintiff's counsel then learned, from the statement of the clerk and an inspection of the record, that the garnishee had been discharged by order dated March 26th, and then entered on the record, and did not know until then that the garnishee had answered and been discharged. Plaintiff's counsel then made the motion to set aside the order of discharge and asked leave to file a traverse to the answer, and on May 10th, the court, after hearing the garnishee's answer and all the facts, granted plaintiff's motion. Plaintiff filed a traverse on April 30th, and refiled same May 10th. The court finally adjourned May 13th. It was and is the practice of the court, to call the docket and set certain cases for particular days, and to discharge from attendance upon the court all counsel and parties not engaged in the trial of cases upon the day's calendar. On March 26th, the court was trying criminal cases, and counsel and parties interested on the civil side of the docket were excused from attend-

ance. It was the practice to set only issues and to take up default cases at any time, and grant orders and rules therein. Further than having set cases according to the practice, no special leave of absence was granted to plaintiff's counsel; and the practice does not dispense with any rule of pleading, nor excuse a failure to file proper pleadings in all cases pending in the court.

Dabney & Fouché, for plaintiff in error.

J. Branham and C. Rowell, contra.